**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**JEFFREY NEDROW,**

    **Plaintiff,**

                                                  **Case No. 04-73443**

**v.**

                                                  **HONORABLE DENISE PAGE HOOD**

**JO ANNE B. BARNHART,**
Commissioner of Social Security**,**

    **Defendant.**

_____/

## ORDER ACCEPTING REPORT AND RECOMMENDATION

This matter is before the Court on Magistrate Judge R. Steven Whalen's Report and Recommendation dated December 16, 2005. The Defendant filed Objections to the Magistrate Judge's Report and Recommendation on January 12, 2006. The Plaintiff filed a Reply to Defendant's Objections to the Magistrate Judge's Report and Recommendation on January 20, 2006.

Magistrate Judge Whalen recommended that the Court deny the Defendant's Motion for Summary Judgment, and grant Plaintiff's Motion for Summary Judgment. The Magistrate Judge also recommends that the case be remanded for an award of benefits.

**I. STANDARD OF REVIEW**

The standard of review to be employed by the Court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)©. This Court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate." Id.

## II.  PROCEDURAL BACKGROUND AND APPLICABLE LAW

The Administrative Law Judge Regina Sobrino [hereinafter "ALJ"] concluded that considering Plaintiff Jeffrey Nedrow's [hereinafter "Plaintiff"] vocational factors and residual functional capacity, the claimant is able to perform jobs that exist in significant numbers in the regional and national economy.  Further, the ALJ found that Plaintiff is not under a disability, as that term is defined in Social Security Act (20 C.F.R. 416.920(f)).  (Tr. 17-18).  On November 23, 2004, the Appeals Council denied review.  (Tr. 5-7).  Plaintiff filed for judicial review of the final decision on September 16, 2004.

If a court determines that substantial evidence does not support the Secretary's decision, the court can reverse the decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits. *Faucher v. Secretary of Health and Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994).  *See Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990).  A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking.  *Id*.  (citing *Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985).  If substantial evidence supports the decision of the Commissioner in a case, reversal is required if the agency failed to follow its own procedural regulation , and the regulation was intended to protect the applicant.  *Wilson v. Comm'r of Soc. Security*, 378 F.3d 541, 544 (6th Cir. 2004).  *See also* 20 C.F.R. § 404.1527(d)(2).  This requirement is part of the "treating source" regulation adopted by the Social Security Administration in 1991.  *Id*.

An ALJ must give the opinion of a treating source controlling weight if [she] finds the opinion "well-supported by medically acceptable clinical and laboratory diagnostic techniques" and

"not inconsistent with the other substantial evidence in [the] case record." *Id*. If the opinion of the treating source is not accorded controlling weight, the ALJ must apply certain factors, namely, the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and the specialization of the treating source, in determining what weight to give the opinion. *Id*. The regulation also contains a clear procedural requirement: "We will always give good reasons in our notice of determination or decision for the weight we give [the claimant's] treating source's opinion." *Id*. A Social Security Ruling explains that, pursuant to this provision, a decision denying benefits "must contain specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the record, and must be sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Id*. *See* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *5 (1996). "The requirement of reason-giving exists, in part, to let claimants understand the disposition of their cases," particularly in situations where a claimant knows that his physician has deemed him disabled and therefore "might be especially bewildered when told by an administrative bureaucracy that [he] is not, unless some reason for the agency's decision is supplied." *Id*. (citing *Snell v. Apfel*, 177 F.3d 128, 134 (2d Cir. 1999).

### III. ANALYSIS

Defendant Jo Anne B. Barnhart, Commissioner of Social Security [hereinafter "Defendant"], contends that if the Court believes that the ALJ's decision is not supported by substantial evidence, it should remand for further proceedings, rather than direct the Commissioner to award benefits. (Def.'s Objections to Magistrate Judge's Report and Recommendation at 1). Defendant asserts that

proof of the Plaintiff's disability is not strong or overwhelming, and that much evidence that he was able to perform a range of work exists in the record. (Def.'s Objections to Magistrate Judge's Report and Recommendation at 1). Defendant further asserts that although Magistrate Judge Whalen found that the ALJ did not properly afford the appropriate weight to the treating physician's opinion that Plaintiff was disabled, he did acknowledge that the ALJ's analysis was minimally supported. (Def.'s Objections to Magistrate Judge's Report and Recommendation at 2). Plaintiff contends that Defendant's objections fail to cite any legal principle that prevents this case for being remanded for payment of benefits. (Pl.'s Reply to Def.'s Objection Magistrate Judge's Report and Recommendation at 2). Plaintiff asserts that Defendant argues by negative inference that the treating physician's own treatment notes are devoid of any reference of neurological deficits which are typically associated with severe pain, and states that these neurological deficits are immaterial to a finding of an inability to perform work on a regular and consistent basis as confirmed by the treating physician. (Pl.'s Reply to Def.'s Objection Magistrate Judge's Report and Recommendation at 2). Further, Plaintiff contends that the Defendant's reliance upon Dr. Haas as a non-treating examining physician at the request of Social Security does not trump Plaintiff's treating physician, and that only a portion of the record contradicts the treating physician's finding of disability. (Pl.'s Reply to Def.'s Objection Magistrate Judge's Report and Recommendation at 2). However, the ALJ conceded that Dr. Haas' opinion should not be given significant weight, since he "did not have the benefit of evidence made of record after February, 2002 or of [Plaintiff's] testimony." (Report and Recommendation at 15; Tr. at 17).

    The treating physician found that Plaintiff was disabled, and the opinion of the consulting physician was not sufficiently contradicted as it did not have the benefit of Plaintiff's complete

medical history. Therefore, the treating physician's testimony should have been afforded controlling weight, or specific reasons for the weight given to the treating source's medical opinion, supported by the evidence in the record should have been provided by the ALJ so that it would be made clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight. *See Wilson*, 378 F.3d at 544.

Once the determination has been made that the Commissioner's evidence is not supported by substantial evidence, the Court must decide whether further fact-finding is required. *Mackey v. Comm'r of Social Security*, No. 01-10027-BC, 2004 WL 1810070, at *6 (E.D. Mich. Aug. 5, 2004) (citing *Faucher*, 17 F.3d at 176)). "If all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits," this court may remand for an award of benefits. *Id*. This Court finds that all essential factual issues have been resolved and the record adequately establishes the Plaintiff's entitlement to benefits.

After careful review and consideration, the Court finds that the Magistrate Judge reached the correct conclusion for the proper reasons.

Accordingly,

IT IS ORDERED that the Report and Recommendation of Magistrate Judge R. Stevens Whalen **[Docket No. 24, filed December 16, 2005]** is ACCEPTED and ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment **[Docket No. 11, filed January 20, 2005]** is GRANTED.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment **[Docket No. 18, filed April 22, 2005]** is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Complaint **[Docket No. 1, filed September 16, 2004]** is REMANDED to Defendant for an award of benefits.


 s/ DENISE PAGE HOOD
DENISE PAGE HOOD
United States District Judge

DATED: January 31, 2006


I hereby certify that a copy of the foregoing document was served upon counsel of record on January 31, 2006, by electronic and/or ordinary mail.

s/William F. Lewis
Case Manager